# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMTRUST FINANCIAL SERVICES, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 22-1210-SRF |
| | ) | |
| FORGE UNDERWRITING LIMITED, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

---

David J. Baldwin, Peter C. McGivney, Zachary J. Schnapp, BERGER HARRIS LLP, Wilmington, DE.

      Attorneys for Plaintiff.

John C. Phillips Jr., David A. Bilson, PHILLIPS MCLAUGHLIN & HALL, P.A., Wilmington, DE., Edward J. Kirk, CLYDE & CO US LLP, New York, NY.

      Attorneys for Defendants.

---

## MEMORANDUM OPINION

September 9, 2025
Wilmington, Delaware

**FALLON, U.S. MAGISTRATE JUDGE:**

This is an insurance coverage action originally brought in the Delaware Superior Court on April 1, 2022 (the "Superior Court Action") by Plaintiff AmTrust Financial Services, Inc. ("AmTrust") against Defendants Forge Underwriting Limited ("Forge"), Aspen Syndicate 4711 ("Aspen;" together with Forge, the "Underwriters"), Markel Bermuda Limited ("Markel"), Allianz Global Risks US Insurance Company ("Allianz"), Arch American Insurance Company ("Arch"), Ironshore Indemnity, Inc. ("Ironshore"), and U.S. Specialty Insurance Company ("USSIC") (collectively, "Defendants") for breach of contract. (D.I. 3) The complaint alleges Defendants breached their contractual obligations under certain excess directors and officers ("D&O") liability insurance policies by failing to provide coverage for litigation costs incurred in connection with a class action settlement in the underlying securities class action styled *Martinek v. AmTrust Financial Service, Inc., et al.*, C.A. No. 19-8030 (S.D.N.Y.) (the "Martinek Action"). (*Id.* at ¶¶ 1-2) Defendants responded to the complaint in the Superior Court Action by filing a motion to dismiss. (D.I. 2-2 at 45-70)

In the months that followed, AmTrust voluntarily dismissed Markel, Ironshore, and USSIC from the action. (D.I. 2-2 at 15-16, 181-86) On September 15, 2022, the remaining Defendants removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity of citizenship. (D.I. 2) Thereafter, AmTrust voluntarily dismissed Arch, leaving Forge, Aspen, and Allianz as the remaining Defendants. (D.I. 26)

On June 15, 2023, the court denied the motion to dismiss with leave to renew the motion in conformity with the District of Delaware Local Rules. (D.I. 30) Presently before the court is the renewed motion to dismiss the complaint for failure to state a claim under Federal Rule of

Civil Procedure 12(b)(6), which was brought by Forge and Aspen. (D.I. 41)[1] After briefing on the renewed motion to dismiss was complete, AmTrust dismissed its claims against Aspen and Allianz with prejudice. (D.I. 58; D.I. 59) Consequently, Forge is the only remaining defendant.

The court issues its decision on this dispositive motion as a Memorandum Opinion because the parties consented to the jurisdiction of the Magistrate Judge to conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings. (D.I. 63) For the following reasons, the motion to dismiss is GRANTED.

## I.    JURISDICTION

This court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2). AmTrust is a property and casualty insurance holding company incorporated in the state of Delaware with its principal place of business in New York. (D.I. 3 at ¶ 24) Forge is a private limited company based in the United Kingdom with its principal place of business in London, England. (*Id.* at ¶ 25) The amount in controversy exceeds $75,000. (*Id.* at ¶ 33); 28 U.S.C. § 1332(a).

## II.    BACKGROUND

This case arises from AmTrust's efforts to enforce its rights and coverage under thirteen different excess D&O liability insurance policies in connection with the Martinek Action. (D.I. 3) To protect itself from potential losses from claims made against its management, AmTrust purchased multiple D&O insurance policies from several providers, affording it a layered coverage structure for the period between October 21, 2017 and November 29, 2018. (*Id.* at ¶

---

[1] The briefing associated with the pending motion to dismiss is found at D.I. 42, D.I. 45, and D.I. 46. Also relevant to the pending motions are the parties' letters addressing an Order issued by the Southern District of New York on October 19, 2023. (D.I. 56; D.I. 57) The reply brief at D.I. 48 filed by Allianz was not considered because Allianz was dismissed from this action with prejudice on December 11, 2023. (D.I. 61)

37)  To insure against claims initiated after this period, AmTrust also paid premiums for six-year run-off coverage for the period of November 29, 2018 to November 18, 2024.  (*Id.*)

The court writes primarily for the parties.  Consequently, this background section focuses only on the pleaded allegations pertaining to two excess D&O liability insurance policies (the "Fifth Excess Policy" and the "Sixth Excess Policy;" together, the "Policies") between Forge and AmTrust that are relevant to Forge's argument for dismissal based on the forum selection clauses contained therein.  (D.I. 42 at 3-5; D.I. 2-1 at 254-89, 343-79)  Additional background regarding the Martinek Action and the substance of AmTrust's insurance coverage dispute may be found in the complaint and will be discussed in the court's analysis only as necessary to provide additional context.[2]  (D.I. 3)

The Policies include in their respective "Risk Details" sections identical "Choice of Law and Jurisdiction" provisions that provide: "Unless stated herein to the contrary, this (Re)Insurance shall be governed by and construed in accordance with the laws of US New York and the exclusive jurisdiction of the US New York courts."  (D.I. 2-1 at 255, 346)  Both Policies also contain identical "Governing Law and Jurisdiction" clauses[3] stating that

> [t]he constructions, interpretation and meaning of the terms, exclusions limitations and conditions of this excess policy shall be determined in accordance with the laws of the state or country specified in the RISK DETAILS of this

---

[2] As explained in *Forge Underwriting Ltd. v. AmTrust Financial Services, Inc.*, 2023 WL 6890844, at *1 (S.D.N.Y. Oct. 19, 2023), the excess D&O liability insurance policies "are structured in layers of coverage, such that when AmTrust exhausts a lower layer of insurance, it then draws on the coverage provided by a higher layer of insurance.  Multiple insurers may also be responsible for specific portions of coverage at a given layer."  For example, the fifth layer of excess coverage is provided by four insurance companies, and Forge is responsible for a 21.39 percent share of up to $15 million in coverage in excess of $25 million, or a $3,200,000 share of the limit of the Fifth Excess Policy.  *Id.*; (D.I. 42 at 4 n.2; D.I. 45 at 4)  Forge is responsible for a $1,800,000 share of the limit of the Sixth Excess Policy, which provides up to $10 million in coverage in excess of $40 million.  (D.I. 42 at 5 n.4; D.I. 45 at 4)
[3] The court refers collectively to the "Choice of Law and Jurisdiction" provisions and the "Governing Law and Jurisdiction" clauses as the "Forum Selection Clauses."

> policy, and any dispute arising hereunder will be subject to the exclusive
> jurisdiction of the courts of the state or country specified in the RISK DETAILS
> of this policy.

(*Id.* at 261, 351)  Although the Forum Selection Clauses state that New York law governs any

disputes and New York courts have exclusive jurisdiction over any such disputes, the complaint

alleges that Forge "consented to the jurisdiction of this court by way of Section 8.2" of the

Policies,[4] which governs dispute resolution and provides:

> 8.2      In the event that a dispute arises between the **Insurer** and the **Insured** under
> this excess policy in relation to matters that are also the subject of a dispute between
> the **Insured** and the insurers of any **Underlying Insurance** then those disputes
> shall be heard together in the same court or arbitration proceedings.

(D.I. 3 at ¶ 35; D.I. 2-1 at 261, 351) (emphasis in original).

During the pendency of this action, Plaintiff served Forge and Markel with demands for

arbitration in the Southern District of New York.  (D.I. 56, Ex. A at 5)  Forge petitioned to enjoin

Plaintiff from prosecuting its arbitration demand, and Plaintiff moved to compel arbitration

against Forge.  (*Id.* at 5-6)  The court denied Plaintiff's motion to compel arbitration and granted

Forge's petition for a permanent injunction, holding that Forge did not agree to arbitrate the

insurance coverage dispute with Plaintiff.  (*Id.* at 10-11)  Specifically, the court explained that

disputes under Forge's policy would be subject to "the exclusive jurisdiction of the US New

York courts except if a different, more specific provision of the Forge Policy says otherwise."

(*Id.* at 12) (internal quotation marks omitted).  In this case, however, the court held that there

were no more specific provisions stating otherwise in Forge's policy.  (*Id.*)  Instead, insurance

disputes were subject to the Forum Selection Clauses requiring the application of New York law

in a New York court because "the Forge Policy does not incorporate by reference the Markel

---

[4] Section 8.2 of the Policies is referred to herein as the "Single Action Clause."

Policies' arbitration clauses, [and] there is no provision of the Forge Policy that displaces the Forum-Selection Provisions." (*Id.*)

The Southern District of New York also construed the Single Action Clause at Section 8.2 of Forge's policy to require "that the disputes shall be heard together in the same court proceeding." (*Id.* at 13)  The court noted that "Section 8.2 does not mention only arbitration proceedings; it refers to hearing the matters together in the same *court* or arbitration proceedings." (*Id.*) (internal quotation marks and citations omitted).  Moreover, the court reasoned that there are no arbitration clauses in the primary insurance policy to be incorporated by reference into Forge's policy, which might otherwise impact the forum selection clause in Forge's policy. (*Id.*)  The court observed that "this is precisely what took place in the Delaware court where [Plaintiff] brought its claims against its numerous insurers, including Forge, to be 'heard together' in the 'same court' proceeding."[5]  (*Id.*)

## III.    LEGAL STANDARD

A motion to dismiss based on a forum selection clause may be brought pursuant to Federal Rule of Civil Procedure 12(b)(6).  *See Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298-99 (3d Cir. 2001) (declining to treat motion to dismiss as motion to transfer because "a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause that allows suit to be filed in another federal forum."); *F.N.B. Corp. v. Mariner Royal Holdings, LLC*, C.A. No. 19-1643-LPS-JLH *et al.*, 2020 WL 1475021, at *3 (D. Del. Mar. 26, 2020) ("Courts may treat a motion to dismiss based upon enforcement of a forum selection clause as a motion to dismiss

---

[5] The court does not construe this statement as a definitive ruling that Delaware is the proper forum, which is a question that was not before the Southern District of New York on the motion to compel arbitration.  (D.I. 56, Ex. A at 13)  Rather, the Southern District of New York was illustrating how the Single Action Clause at Section 8.2 was designed to avoid piecemeal litigation by requiring disputes to be heard together in the same court proceeding.  (*Id.*)

pursuant to Federal Rule of Civil Procedure 12(b)(6)." (internal quotation marks and citations omitted)).

Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In assessing the plausibility of a claim, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555–56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at

556). "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* at 231.

## IV.    DISCUSSION[6]

The landscape of this case has changed since the parties completed briefing on Forge's renewed motion to dismiss.  Forge is now the only defendant remaining in this action.  All the underlying insurers, including Allianz, have been dismissed from the case.  (*See, e.g.*, D.I. 61)  Moreover, the Southern District of New York denied Plaintiff's motion to compel Forge to engage in arbitration in a decision that reinforced the applicability and enforceability of the Forum Selection Clauses.  (D.I. 56, Ex. A)  These developments inform the court's analysis of Forge's motion to dismiss.

### A.  New York Law Governs.

The parties agree that the Forum Selection Clauses are valid and enforceable.[7]  (D.I. 42 at 9-11; D.I. 45 at 6; D.I. 46 at 2)  They disagree about whether Delaware or New York law governs the interpretation and scope of the Forum Selection Clauses.  (*Id.*)  Forge maintains that New York law governs under the Forum Selection Clauses, which provide for the exclusive jurisdiction of New York courts.  (D.I. 42 at 11-15)  Plaintiff responds that Delaware law applies

---

[6] In addition to the arguments made pursuant to Rule 12(b)(6), Forge argues in a footnote that "enforcement of a forum selection clause may be sought by a motion to transfer under 28 U.S.C. § 1404(a) or by a *forum non conveniens* motion.  (D.I. 42 at 9 n.6)  The court need not consider these alternative procedural mechanisms addressed only in a footnote. *See Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023).

[7] "Federal law controls the question of whether to enforce a forum selection clause." *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 58 (3d Cir. 2018).  Because there is no dispute that the Forum Selection Clauses are enforceable, and the remaining issue pertains to the interpretation and scope of the Forum Selection Clauses, state law governs. *See id.* ("Our case law directs us to use state law to determine the scope of a forum selection clause[.]").

under Delaware's choice of law rules because the result would be the same under either

Delaware or New York law.[8]  (D.I. 45 at 7-8)

Because this case is brought pursuant to the court's diversity jurisdiction, Delaware

choice-of-law principles govern which state's body of substantive law applies to the

interpretation of the Forum Selection Clauses. *See Whirlpool Corp. v. Cabri*, C.A. No. 21-979-

EJW, 2022 WL 1421126, at *11 (D. Del. May 5, 2022) (quoting *Collins v. Mary Kay, Inc.*, 874

F.3d 176, 183 (3d Cir. 2017)).  Delaware courts interpret forum selection clauses "in accordance

with the law chosen to govern the contract." *Germaninvestments AG v. Allomet Corp.*, 225 A.3d

316, 331 (Del. 2020) (quoting *Ashall Homes Ltd. v. ROK Entm't Grp. Inc.*, 992 A.2d 1239, 1245

(Del. Ch. 2010)); *see also My Size, Inc. v. Mizrahi*, 193 F. Supp. 3d 327, 334 (D. Del. 2016).

The Forum Selection Clauses provide that the Policies should be governed by New York

law.  (D.I. 2-1 at 255, 261, 346, 351)  Consequently, New York state law governs the

interpretation and scope of the Forum Selection Clauses. *See Presidio, Inc. v. Semler*, C.A. No.

20-965-LPS-JLH, 2020 WL 8619101, at *4 (D. Del. Sept. 28, 2020) (applying Delaware choice

of law principles and concluding that New York law should govern the interpretation of a

contract pursuant to the forum selection clause).  The court need not apply the "most significant

relationship" test to determine which state's law applies where, as here, the Policies specify the

choice of law. *See Lagrone v. Am. Mortell Corp.*, 2008 WL 4152677, at *5 (Del. Super. Ct.

Sept. 4, 2008) (citing *Annan v. Wilm. Trust Co.*, 559 A.2d 1289, 1292 (Del. 1989)).

Plaintiff argues that, because the result would be the same under either Delaware or New

York law, the court should apply the "false conflict" doctrine, avoid the choice-of-law analysis

---

[8] In *Forge Underwriting Ltd. v. AmTrust Financial Services, Inc.*, Plaintiff took a different
position and argued that "[t]he Forge Policy's Forum-Selection Provisions indicate that New
York law applies . . . and the parties appear to agree on this point[.]"  (D.I. 56, Ex. A at 8)

altogether, "and apply Delaware law."[9] (D.I. 45 at 7)  But the cases cited by Plaintiff do not

support its position that Delaware law governs under the false conflict doctrine.  In *Deuley v.*

*DynCorp. International, Inc.*, the Delaware Supreme Court declined to conduct a choice-of-law

analysis and instead performed an analysis under both Delaware and Dubai/UAE law.  8 A.3d

1156, 1161-64 (Del. 2010).  In *In re Bay Hills Emerging Partners I, L.P.*, the Court of Chancery

similarly declined to undertake a choice of law analysis and proceeded to analyze the contractual

language under case authority from several jurisdictions.  2018 WL 3217650, at *6 (Del. Ch.

July 2, 2018) (citing case authority from the Ninth and Tenth Circuits and the District of

Kansas).  At most, Plaintiff's position establishes that the court "need not parse finely the

application of either state's laws" and "may refer interchangeably to the laws of the states whose

laws potentially apply."  *Northrop Grumman Corp. v. Axis Reinsurance Co.*, 809 F. App'x 80,

88 (3d Cir. 2020) (quoting *Huber v. Taylor*, 469 F.3d 67, 74 (3d Cir. 2006)); *see also Presidio*,

2020 WL 8619101, at *4 (holding that New York law applied pursuant to the choice-of-law

provision, but applying both New York and Delaware cases where there were no material

differences in the states' laws and "neither party cited to any New York case law in support of its

arguments.").

## B.  The Forum Selection Clauses are Mandatory.

New York law provides that the court may dismiss an action based on a mandatory forum

selection clause stating that the suit must be brought in another jurisdiction.  *See Flextronics Da*

*Amazonia Ltda. v. CRW Plastics USA, Inc.*, 2023 WL 8270818, at *3 (2d Cir. Nov. 30, 2023).

---

[9] As explained at n.7, *supra*, Plaintiff's position on the instant motion represents a departure from
the arguments Plaintiff made in the Southern District of New York, when it represented that
"[t]he Forge Policy's Forum-Selection Provisions indicate that New York law applies . . . and the
parties appear to agree on this point[.]"  (D.I. 56, Ex. A at 8)

Here, the parties dispute whether the Forum Selection Clauses are mandatory or permissive. Forge contends that the Forum Selection Clauses provide for the exclusive jurisdiction of New York courts to hear any disputes arising under the Policies. (D.I. 42 at 12-14) Plaintiff responds that the Forum Selection Clauses are permissive because they lack express language excluding all other courts. (D.I. 45 at 8-10)

The Forum Selection Clauses are mandatory. Under New York law, insurance policies should be construed "in a way that affords a fair meaning to all of the language employed by the parties in the contract and leaves no provision without force and effect." *In re Viking Pump, Inc.*, 52 N.E.3d 1144, 1151 (N.Y. 2016) (internal quotations and citations omitted). Here, the "Governing Law and Jurisdiction" clauses state that "any dispute arising hereunder will be subject to the exclusive jurisdiction of the courts" of New York. (D.I. 2-1 at 261, 351) This language of exclusivity confirms the parties' intent to limit jurisdiction to New York courts. *See Fear & Fear, Inc. v.N.I.I. Brokerage, L.L.C.*, 50 A.D.3d 185, 187 (N.Y. 4th Dep't 2008) (finding that the parties' intent to make jurisdiction exclusive was demonstrated by language that "each party . . . irrevocably submits to the personal and exclusive jurisdiction of such [Manhattan] courts[.]").

In support of its position that the Forum Selection Clauses are conditional or permissive, Plaintiff focuses on the first phrase of the "Choice of Law and Jurisdiction" provisions: "*Unless stated herein to the contrary*, this (Re)Insurance shall be governed by and construed in accordance with the laws of US New York and the exclusive jurisdiction of the US New York courts." (D.I. 45 at 9; D.I. 2-1 at 255, 346 (emphasis added)) According to Plaintiff, this language confirms "New York jurisdiction does not apply if any other provisions in the [ ] Policies provide for another forum." (D.I. 45 at 9) But Plaintiff does not direct the court to any

other provision specifying another forum.  Because there is no other provision addressing jurisdiction or identifying another valid forum, the same mandatory language regarding the "exclusive jurisdiction" of the New York courts governs.

### C.  The Single Action Clause Does Not Apply.

The parties also dispute whether the Single Action Clause overrides the Forum Selection Clauses and allows proceedings to be brought in courts outside of New York.  (D.I. 42 at 19-20; D.I. 45 at 12-18)  Plaintiff's argument regarding the applicability of the Single Action Clause is based on the inclusion of Allianz in this action as an underlying insurer.  (D.I. 45 at 12-13)  The Southern District of New York acknowledged as much in its decision denying the motion to compel arbitration against Forge: "[I]f AmTrust's motion to compel is denied, AmTrust's claims against Forge will continue to be 'heard together' in the same 'court' proceeding with its claims against another excess insurer, Allianz."  (D.I. 56, Ex. A at 15)

During oral argument on the pending motion, Plaintiff's counsel acknowledged that "if we had a dispute with [Forge] and AmTrust, then that case would clearly be subject to the exclusive jurisdiction of New York."  (D.I. 55 at 17:19-21)  Plaintiff explained that "flexibility" in forum selection is only needed "if you have an issue with an underlying insurer and you're an excess insurer, [and] you have an interest in how that policy language is interpreted, exhaustion issues[.]"  (*Id.* at 17:21-18:2)  Under this logic, Plaintiff maintained "it makes sense actually that this provision would say look, if it's just between us, we want to be in New York, but if it involves underlying insurers and our interest is involved, we'll go anywhere."  (*Id.* at 18:8-14)

Allianz is no longer a party to this action.  (D.I. 61)  By Plaintiff's own admission, the Single Action Clause does not apply and the Forum Selection Clauses require this action to proceed in New York.

## V.     CONCLUSION

For the foregoing reasons, Forge's motion to dismiss is GRANTED.  An Order consistent with this Memorandum Opinion shall issue.

Given that the court has relied upon material that technically remains under seal, the court is releasing this Memorandum Opinion under seal, pending review by the parties.  In the unlikely event that the parties believe that certain material in this Memorandum Opinion should be redacted, the parties shall jointly submit a proposed redacted version by no later than **September 16, 2025**, for review by the court, along with a motion supported by a declaration that includes a clear, factually detailed explanation as to why disclosure of any proposed redacted material would "work a clearly defined and serious injury to the party seeking closure." *See In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994) (internal quotation marks omitted)).  If the parties do not file a proposed redacted version and corresponding motion, or if the court determines the motion lacks a meritorious basis, the documents will be unsealed within fourteen (14) days of the dated the Memorandum Opinion issued.